Aug. 11,
1876.          THE JUDGE OF PROBATE *v.* COOK.

B., and the defendant C., by means of a fraudulent conspiracy, procured the removal from office of a former guardian of said B., and the appointment of the defendant C. in his place, for the purpose of getting the possession and control of the money and estate of said B., and spending the same for their joint benefit. The removal of the former guardian having been accomplished, B. and C., concealing their purpose thus to appropriate the money and estate of B., induced the defendants S. and T. to become the sureties of C. upon his bond to the judge of probate as guardian of B. Subsequently B. and C., in pursuance of their original undertaking, obtained possession of the said money and estate of B., and squandered it in criminal and adulterous living. In an action of debt upon said bond, in which B. was the plaintiff in interest—*Held,* S. and T. could not set up the foregoing facts as a legal answer to the action.

FROM CHESHIRE CIRCUIT COURT.

DEBT, upon a guardian's bond. The defendants were Martin Cook, the principal in the bond, and Wm. W. Strickland and Samuel Thompson, his sureties. The defendants Strickland and Thompson filed the following brief statement :

" That the said defendant, Martin Cook, and one Abbie Bemis, the plaintiff in interest in this action, and for whose benefit the same has been brought, before the commencement thereof entered into a fraudulent and corrupt agreement and conspiracy to procure the removal of one Jedediah T. Collins from the office and trust of guardian of the said

Abbie, and the appointment of said Martin Cook to said office and trust of guardian of said Abbie, with the intent and purpose of drawing the money and estate of the said Abbie, then in the possession of the said Jedediah T. Collins, guardian of the said Abbie, and getting the same into the possession and control of the said Cook, and using said money and estate for the joint benefit of the said Abbie and said Cook; and in pursuance of said fraudulent and corrupt agreement and conspiracy, and with the intent and purpose aforesaid, the said Abbie and said Cook did procure the removal of said Jedediah T. Collins from the office and trust of guardian of the said Abbie, and the appointment of the said Cook to said office and trust of guardian of the said Abbie; and that the said Cook and said Abbie, without informing the said defendants Strickland and Thompson of their said fraudulent and corrupt agreement, conspiracy, intent, and purpose, induced and persuaded said Strickland and Thompson to sign the said writing, obligatory upon which this[1] action is founded, as the sureties of the said Cook for the faithful performance by him of his office and trust as guardian of the said Abbie, and that afterwards, before the commencement of this action, in pursuance of said fraudulent and corrupt agreement and conspiracy, and with the corrupt intent aforesaid, the said Cook demanded and received of the said Jedediah T. Collins the money and estate of the said Abbie, to wit, the sum of $677.09, which money and estate the said Cook and said Abbie have jointly used, enjoyed, expended, and squandered, in criminal and adulterous intercourse with each other."

On motion of the plaintiff the court ordered that the brief statement be rejected as showing no legal answer to the action; and the defendants excepted.   Transferred by LADD, J.

*Wheeler & Faulkner,* for the plaintiff.

*Burke* and *Healey,* for Strickland and Thompson.

[*] FOSTER, C. J., C. C.   The ruling of the court below being to the effect that the brief statement presents no legal answer to the action, we must, for the purposes of this case, assume that the circumstances therein stated are facts.

It appears then, in the first place, that Abbie Bemis is " the plaintiff in interest in this action, for whose benefit the same has been brought."

The action is debt upon a guardian's bond. " Any person interested in any bond given to a judge of probate may apply to the judge for an order for suit thereof." " The name and residence of every person, at whose request such order is made and suit instituted, shall be indorsed on the writ before the service thereof, with a brief statement of his claim." " In such suit the defendant shall be called to

---

[*] LADD, J., did not sit.

answer to ' the judge of probate for the county of ———,' without mentioning the name of the judge to whom the bond was given." "When it shall appear, upon confession, verdict, demurrer, or in any other way, that the penalty of such bond is forfeited, judgment shall be rendered against the defendant for such penalty ; and such judgment shall be security for all interested." " Upon a hearing in chancery, on such forfeiture, the court shall examine and ascertain the claims of the parties whose names are indorsed on the writ ; and judgment shall be rendered for such parties respectively for the amount so ascertained, ' that the judge of probate for the county of ——— now have execution for ———, being part of the penalty forfeited, and costs taxed at ———, for the use of A B of C,'" &c. " The party for whose use such judgment shall be rendered may sue out execution thereon, and shall be taken to be the creditor," &c. " After judgment for the penalty of such bond, any person interested, upon giving bond to the judge of probate, with sufficient sureties for the payment of such costs as may be adjudged against him, may sue out a *scire facias* on such judgment to show cause why execution should not be awarded for his use out of the same." " On such *scire facias* the claim of such person shall be examined, and judgment rendered, and execution therefor awarded in manner aforesaid ; and he shall be taken to be the creditor as aforesaid." Gen. Stats., ch. 187, secs. 4, 5, 6, 7, 8, 9, 12, 13.

"All guardians, except guardians *ad litem*, are required to give bond, upon condition, among other things, faithfully to discharge his trust." Gen. Stats., ch. 165, sec 2.

Such is the bond in suit. It appears by the brief statement that its conditions have been broken, and that its penalty is forfeited, the guardian and his ward having jointly squandered the money and estate of the ward in criminal and adulterous intercourse with each other.

It follows, therefore, by express provision of the statute, that judgment must be rendered against the defendants for the penalty of the bond. The brief statement showing no legal answer to the action was properly rejected, and the defendants' exception must be overruled.

CUSHING, C. J. The plea does not show that the execution of the bond was obtained under such circumstances as that the defendants are able to aver and prove that the bond is not their deed, but they do allege certain facts from which they claim that they ought to be allowed to avoid the deed, notwithstanding they freely and intelligently executed and delivered it to the judge of probate. The plea does not show that the female ward, for whose benefit it is alleged that the suit is brought, is the only person interested in the bond, which is held by the judge of probate for all the parties who may have any interest in that fund.

Whatever may be the result, when the question arises as to the amount equitably due to the party now appearing to be the party in interest, I think it is certain that the bond itself cannot be avoided by such plea.

I cannot withhold the suggestion, that it would seem to me very strange if this guardian and his sureties could defeat the claims of the ward, by showing that he had violated his trust and succeeded in corrupting her, the person who, by reason of her tender years, had been placed by the law under his keeping; and it certainly would not alter the matter if it appeared that his corrupting influence had begun to operate before he assumed the trust.

SMITH, J. I agree that no defence is shown to this action; but, inasmuch as the defence has been conducted upon the theory that the facts set forth in the brief statement can be shown in the present stage of the case, instead of upon the hearing in chancery to ascertain for what sum the plaintiff in interest shall have judgment and execution, I may be allowed a few suggestions upon the nature of the defence here set up.

Whether Collins, the former guardian, was properly removed, and Cook, the present guardian, properly appointed, are questions that cannot be opened up in this way. The probate court had jurisdiction of the matter, and no appeal was taken from its action. It must be presumed that the removal and appointment were made upon proper and satisfactory evidence. Cook being appointed guardian, the transfer of the funds from Collins followed, as matter of course. He and he alone was their proper custodian. Sureties were required upon his bond for the very purpose of answering for his malfeasance. His ward must be either an infant, spendthrift, or insane person (the case does not show which), but it cannot matter which. A guardian was made necessary because she was not a suitable person to have the control of her own funds. It was his duty properly to care for them, no matter what the wishes of his ward might be, and his sureties were bound to see that he did his duty.

If it should be held that this brief statement sets up a valid defence, the door is open to every guardian to conform to the wishes of his ward, instead of exercising his own sound judgment. The public interest requires that guardians should be held to a strict rule in the management of trust estates; otherwise, having allowed their wards to spend their substance in riotous living, the burden of their further support would often be thrown upon the public. It is not the policy of the law to encourage the making of paupers.

*Exceptions overruled.*